Citation Nr: 1749171 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 13-11 243 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for lumbosacral strain with mild narrowing of L4-L5 disc space, claimed as a low back disability.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. M. Lunger, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1984 to July 1988.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

This matter was previously before the Board in February 2017, when it was remanded for additional development. Pursuant to the remand directives, the RO obtained an addendum opinion regarding the Veteran's current low back disability. Review of the record shows substantial compliance with the prior remand; thus, additional development is not necessary. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

Resolving all doubt in the Veteran's favor, the Veteran's lumbosacral strain with mild narrowing of L4-L5 disc space, claimed as a low back disability is related to his period of active service.


CONCLUSION OF LAW

The criteria for entitlement to service connection for lumbosacral strain with mild narrowing of L4-L5 disc space have been met. 38 U.S.C.A. §§ 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303(a) (2016). Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

In the present case, the Board finds that the Veteran has a low back disability. The Veteran underwent a VA back examination in August 2015 at which time the VA examiner diagnosed the Veteran with mild to moderate lumbar degenerative disc disease/degenerative joint disease. The examiner noted that the Veteran reported that experiencing lower back problems since his time in service, but indicated that there was no clinical evidence in the file that documents this assertion.

The Veteran contends that he has had low back pain since his time in service. The Veteran has submitted statements from his wife in support of his contentions. The Veteran's service treatment records (STRs) reflect treatment for complaints of back pain in May 1986 after lifting heavy liberty bags. The Veteran has also reported that he lifted weights while he was in service.

In February 2017, the Board remanded this matter to obtain an opinion as to the nature and etiology of the Veteran's current low back disability. An opinion from the VA examiner who performed the August 2015 VA examination was provided in April 2017. The examiner stated that the Veteran reported he began having lower back problems during military service secondary to heavy lifting. The Veteran reported that he continued to experience intermittent lower back pain since that time. The examiner noted that there is no clinical documentation of the Veteran's back disability until 2010. The examiner was asked to furnish an opinion as to whether it was at least as likely as not that any current low back disability had its onset in service, to include any notations of low back strain noted in the Veteran's STRs, and/or "weight lifting." The examiner stated that because clinical documentation of a low back disability was lacking, and there is no clinical documentation of a back disability until 2010, twenty-four years after the Veteran's in-service episode of back strain, one would have to resort to mere speculation in order to find a connection between back pain in 1986 and abnormal x-rays in 2010. However, the VA examiner determined that "it is as least as likely as not that the Veteran's weight lifting activities may have aggravated his lower back disability." The VA examiner stated that with regard to the issue of weight lifting in service, "apparently the Veteran did weight lift for exercise, as did many recruits; this may have exacerbated lower back problems, but once again there are no clinical notes to that effect in the STRs that I could locate."

After carefully considering the evidence of record, the Board finds that service connection for a low back disability is warranted.

In reaching this determination, the Board relies on the opinions furnished by the VA examiner. Although in his initial August 2015 opinion, the VA examiner opined that it was less likely than not that the Veteran's low back disability was related to back strain the Veteran was treated for in service, in his April 2017 addendum opinion, the VA examiner opined that it is at least as likely as not that the Veteran's current low back disability may have been aggravated by lifting weights in service.

In light of this opinion, the Board finds the evidence is at least in equipoise as to whether the Veteran's low back disability is etiologically related to his time in service. Therefore, the Board will resolve reasonable doubt in favor of the Veteran and grant his claim. 38 U.S.C.A. 5107(b) (West 2014); 38 C.F.R. § 3.102 (2016).


ORDER

Service connection for lumbosacral strain with mild narrowing of L4-L5 disc space, claimed as a low back disability, is granted.




____________________________________________
KRISTI L. GUNN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs